John Tehranian (Bar No. 211616)
Email: jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Christopher Lee (Bar No. 274639)
Email: clee@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone:  (310) 866-5157
Facsimile:   (310) 943-2085

Attorneys for Plaintiff
AUGUST IMAGE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York limited liability company,<br><br>Plaintiff<br>v.<br><br>MILK MAKEUP, LLC, a New York limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00756<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff August Image, LLC ("August") complains against Milk Makeup, LLC ("Milk") and Does 1-10 as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Milk for copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

2. The Court also has personal jurisdiction over Milk in this action because of its contacts with the State of California, including its continuous and systematic business activities in this judicial district. Upon information and belief, Milk derives substantial revenues from selling products to California citizens. Milk products regularly get reviews from California consumers on its website. On information and belief, Milk also purposefully availed itself of the of the California marketplace and its consumers through a multiplicity of acts directed towards California, including, without limitation: having an physical office in Los Angeles, employing California citizens and seeking employees from California to be based in Los Angeles, holding promotional events in California, and operating a highly interactive website and Instagram account that geo-targets California consumers. As a result, there is a direct and substantial nexus between August's claims in this case and Milk's transaction of business in California and with California consumers.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, the Milk may be found and transacts business in this judicial district, and the injury suffered by August took place in this judicial district.

## PARTIES

4. August is a New York limited liability company with its principal place of business in New York, New York. August is an agency that represents an elite group of portrait, lifestyle, beauty & fashion photographers for editorial and

commercial licensing. August is also the exclusive licensing agent for Troy Covey ("Covey") and Tamara Wareka, p/k/a Tamara Williams ("Williams"), the photographers whose photographs are at issue in this action.

5. Milk is a Delaware corporation with its principal place of business in New York, New York. As its full name suggests, Milk is a company that makes and sells beauty products online and at physical locations through its partnerships with Sephora and Urban Outfitters.

6. The identities of DOES 1 through 10, inclusive, are unknown to August, and therefore it sues them by fictitious names. August will seek leave to amend the complaint to replace the fictitious names with the true names and the DOES' participation in the wrongful acts alleged herein when that information is ascertained.

## STATEMENT OF FACTS

*The Photographers*

7. Covey is a prominent photographer who is best known for his work in beauty photography, a niche that is essential to the makers, sellers, and advertisers of the multi-billion-dollar beauty products industry. For years, Covey has photographed countless individuals highlighting and capturing distinctive and memorable facial expressions, styles of makeup application, and various beauty products with his unique photographic style, twist, and mystique. Recently, Covey launched a photographic campaign called "beauty. for everyone." to share his vision for the beauty products industry and to celebrate inclusiveness.

8. Williams is a highly successful freelancing photographer, specializing in beauty, with clients across the globe. She is most well-known for her model portraiture from her highly popular Instagram account which has amassed over 400,000 followers. Her work has been featured in magazines such as *Vogue*, *Harper's Bazaar*, *Marie Claire*, *Elle*, and *Glamour*. Additionally, her work has been used commercially by brands such as *NARS*, *KKW*, *Fenty*, & *Benefit*.

*The Infringements*

9. In April of 2019, Covey captured an original photograph of a freckled face model close-up wearing pink lipstick, while clasping her hands beside her face in a stylized pose (the "Covey Photo").

10. Covey timely registered the Covey Photo with the United States Copyright Office.

11. Only days later, on May 2, 2019, Milk altered and then reproduced, publicly displayed, and distributed the Covey Photo and/or unauthorized derivative versions thereof on its official corporate Instagram account ("milkmakeup") and to its 1.8 million followers for purely commercial advertising purposes.

12. In the post, Milk superimposed advertising links for its products, including a brow gel, a highlighter, a blur stick, a lip and cheek stick, and a lip stick across the model's right eye, left eye lid, both cheek bones, and lips. Importantly, Milk did so without giving any credit to Covey as the author of the Covey Photo, which it could have easily done with a "tag" or "#" link, among other things. To make matters worse, Milk did not even attempt to seek Covey's permission to use the photograph for any purpose.

13. The post included a handbag link in the lower left-hand corner to purchase Milk products, and was intentionally designed to capitalize off of Covey's

1  work to make sales.  And Milk's strategy worked.  At the time August took a
2  screenshot of the infringing post, it had already received 23,654 "likes."



14.  Attached as Exhibit 1 is a true and correct copy of the Milk re-post.

15.  August is the owner of the exclusive worldwide right to sell, syndicate, license, market or otherwise distribute the Covey Photo, and, in said capacity, August contacted Milk on May 6, 2019, informing Milk that it had infringed the Covey Photo.  August informed Milk that it would need to pay a fee for its continuing use of the photograph and a fee for its prior and current use.  In response, Milk admitted that it "fumbled," but that it would only pay a nuisance fee of $2,000 (the rough equivalent of cost of just 36 Milk lipsticks hawked on the photograph-turned-advertisement) because it had taken down the post.  To say the least, $2,000 was far below the market price for licensing the photograph, almost certainly vastly lower

than the illicit profits Milk made from the post and, if accepted, a trivial "cost of doing business" that would not cause Milk to reexamine its illegal advertising model. And to be sure, it is a model.

16. Milk's claims that these were harmless errors, but they were neither harmless nor the result of error. Photographers can and do register certain photographs because the market has determined that there is value in them. With the exception of the iconic, the value of most photographs is at its peak when it is first published to the largest audience available, but it quickly loses its value after it is published because the "moment" has passed and it has already been seen. What was once fresh becomes stale, what was once viral becomes passé, especially in our current fast-news culture (political, popular, cultural, or otherwise). Once 1.8 million users viewed Covey and Williams's photographs, the photographs lost a significant portion of their value. That value cannot be reclaimed.

17. If it were error, it would not be repetitive; yet a year prior, on or about June 9, 2018, Milk reproduced, publicly displayed, and distributed an original photograph taken by Williams of a model wearing purple eyeshadow gazing deeply into the camera (the "Williams Photo").

18. The Williams Photo has been registered with the United States Copyright Office.

19. As in the case with its unauthorized use of the Covey Photo, Milk did not ask for authorization and did not make or attempt to make payment to Williams for its brazenly commercial and advertising-related use of the Williams Photo.

20. The use of the Williams Photo, just as with the Covey Photo, was to promote and advertise Milk's makeup products, and there is every reason to believe that the exploitation achieved its purposes as the public's response to the Williams Photo was as expected: "mesmerizing," "beautiful," and "GLOWING!!!"



Attached as Exhibit 2 is a true and correct copy of the Milk re-post.

21.  Milk's repetitive behavior evidences its intentional and systematic scheme to capitalize off of artists' works of value without crediting or paying the artists.

22.  Milk is a sophisticated company that sell products at stores like Sephora, which has more than 400 stores in the United States alone.  It has developed a comprehensive terms of use policy that is publicly available on its website. Applicable here, Milk's terms and conditions expressly state:

### Copyright

All content included in this site, including but not limited to text, graphics, code, images, audio and video clips, and logos is the property of Milk Makeup or is licensed to Milk Makeup and is protected by United States and international copyright laws.  All rights reserved. Permission is granted to electronically copy and/or print hard copy portions of this site for the sole purpose of placing an order with milkmakeup.com or purchasing Milk Makeup products.  Any other use,

including but not limited to the reproduction, distribution, display or transmission of the content of this site is strictly prohibited.

Attached as Exhibit 3 to is a true and correct copy of the term and conditions. This is evidence that Milk not only understands copyright laws, but that it is also vigorously protects and enforces its own copyrights.

23. Unfortunately, Milk does not show the same respect for the intellectual property of others that it commands for its own intellectual property. Despite its clear understanding of copyright and the strictures of intellectual property law, Milk is willfully and intentionally violating these laws each time they use photographs without authorization and with paying for their use (and in its case, highly profitable commercial use).

24. August has attempted to reach an amicable resolution with Milk regarding its infringement activity. However, it has not been able to do so. As such, although all reasonable efforts have been made to avoid litigation, Milk has given August no alternative but to file suit to protect its intellectual property rights from willful infringement.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

25. August incorporates here by reference the allegations in paragraphs 1 through 25 above.

26. August is the exclusive licensing agent for the Covey and Williams Photos, and, as such, is the owner of the exclusive worldwide right to sell, syndicate, license, market or otherwise distribute the Covey and Williams Photos, which substantially consist of material wholly original with its authors and which are copyright subject matter under the laws of the United States.

27. August, Covey, and Williams have complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. Both

the Covey and Williams Photo have been registered with the United States Copyright Office.

28. Milk has directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe on Milk's copyrights by reproducing, displaying, distributing and utilizing the photographs, or unauthorized derivative versions thereof, for purposes of trade in violation of 17 U.S.C. § 501 et seq., and said infringing activity is willful.

29. Milk has received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of the photographs for purposes of trade, including by increasing the traffic to Milk's website and social media platforms and, thus, increasing the sales of its products.

30. All of Milk's acts were performed without August's permission, license, or consent.

31. As a result of the acts of Milk alleged herein, August has suffered substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable. Accordingly, August seeks a declaration that Milk has infringed on August's copyrights and an order under 17 U.S.C. § 502 enjoining Milk from any further infringement of August's copyright interests, as said wrongful acts of Milk have caused, and are causing, great injury to August, which damage cannot be accurately computed, and unless this Court restrains Milk from further commission of said acts, it will suffer irreparable injury, for all of which it is without an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, August requests judgment against Milk as follows:

1. That Milk, its officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with it, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising,

distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any image or design which infringe, contributorily infringe, or vicariously infringe upon the photographs;

2. For the entry of a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Milk, its officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon the photographs, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any materials which infringe, contributorily infringe, or vicariously infringe upon the photographs as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

3. For actual damages and disgorgement of all profits derived by Milk from its acts of copyright infringement and to reimburse Milk for all damages suffered by August by reasons of Milk's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

4. For an accounting of all profits, income, receipts or other benefit derived by Milk from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c);

6. For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 505;

7. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505; and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: January 24, 2020         **ONE LLP**

By: /s/ John Tehranian
John Tehranian
Christopher Lee

Attorneys for Plaintiff,
August Image, LLC

**COMPLAINT**

# **DEMAND FOR JURY TRIAL**

August demands trial by jury on all claims and issues so triable.

Dated:  January 24, 2020          **ONE LLP**

                            By: /s/ John Tehranian
                                John Tehranian
                                Christopher Lee

                                Attorneys for Plaintiff,
                                August Image, LLC

**COMPLAINT**